IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:23-CR-124 (AMN) |
| | ) | |
| **v.** | ) | **GOVERNMENT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| **SCARLET SHADOWS a/k/a** | ) | |
| **"Dragongurl69,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant to terms of imprisonment and supervised release within the ranges recommended by the U.S. Sentencing Guidelines. The government respectfully submits that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553 where the defendant attempted to entice into meeting for sex a person whom the defendant believed was an 11-year-old girl.

## INTRODUCTION AND FACTUAL BACKGROUND

On April 27, 2023, pursuant to a written plea agreement (the "Plea Agreement"), the defendant pled guilty to an information charging her with violating 18 U.S.C. § 2422(b). *See* Dkt. ## 25, 26, 27; Apr. 27, 2023 Text Minute Entry. The defendant has been detained in connection with this proceeding since her federal arrest on January 26, 2022.

The government adopts the facts as set forth in the Final Presentence Investigation Report (Dkt. # 40) (the "PSIR") prepared by the United States Probation Office and filed on October 4, 2023, which in turn relied upon court filings and law enforcement reports. *See* PSIR ¶¶ 3, 8-18.

1

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum and Minimum Sentences**

The defendant's conviction for attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), subjects her to a mandatory minimum term of imprisonment of ten years and a statutory maximum term of life imprisonment, *see* 18 U.S.C. § 2422(b); a minimum term of supervised release of five years and a maximum term of life, *see* 18 U.S.C. § 3583(k); and a maximum fine of $250,000, *see* 18 U.S.C. § 3571.

**2.      Guidelines Provisions**

   **a.   Offense Level**

The government agrees with the Guidelines computation set forth in the PSIR. Under the Guidelines, the total offense level for the defendant's conviction, after acceptance of responsibility deductions, is 35.   PSIR ¶¶ 23-33.

   **b.   Criminal History Category**

The government agrees with the Probation Office's determination that the defendant's criminal history category is I.   PSIR ¶ 39.

   **c.   Guidelines Ranges**

The Guidelines advise that the defendant should receive a term of imprisonment in the range of 168 to 210 months.   PSIR ¶ 57.   The Guidelines recommend that the maximum term of supervised release, here life, should be imposed because the instant offense of conviction is a sex offense.   PSIR ¶ 61; U.S.S.G. § 5D1.2.   A sentence of probation is not available here.   *See* PSIR ¶ 63; 18 U.S.C. § 3561(a)(1), (3).

Restitution is not applicable in this case.   *See* PSIR ¶ 69.   The fine range for this offense is $40,000 to $250,000 and a $5,000 special assessment is applicable.   PSIR ¶¶ 66-67; 18 U.S.C.

§ 3014(a)(4); U.S.S.G. § 5E1.2(c)(3).  Under U.S.S.G. § 5E1.2(a), a fine may be waived where "defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Similarly, the $5,000 special assessment is required only where the defendant is "non-indigent." 18 U.S.C. § 3014(a).  It is unclear whether the defendant can pay a fine or the $5,000 special assessment because she had not provided financial disclosures to the U.S. Probation Office as of the filing of the PSIR.  PSIR ¶¶ 53-55.

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant consistent with the applicable Guidelines ranges.  A sentence within the Guidelines ranges is sufficient, but not greater than necessary, to comply with the sentencing factors in 18 U.S.C. § 3553(a).  Although the Guidelines are no longer mandatory, the Second Circuit has instructed district courts to consider them "faithfully" when sentencing. *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir. 2005).  "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'"  *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (explaining that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").  Moreover, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity."  *Rita v. United States*, 551 U.S. 338, 354 (2007).

The government's requested sentence adequately reflects the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence.  As detailed in both the Plea Agreement and the PSIR, the defendant sent many electronic messages over the course of

3

approximately a month in an effort to groom a person whom the defendant believed was an 11-year-old girl. The defendant's efforts included repeatedly describing in graphic detail the sexual acts that she wished to engage in with the child. To make matters worse, the defendant was also planning this sexual encounter with a person whom she believed was the girl's caretaker. After being caught, the defendant initially fed law enforcement officers a bogus babysitter cover story before eventually coming clean about her intent to sexually abuse a child. A Guidelines sentence will reflect the seriousness of the defendant's offense, promote respect for the law, and provide just punishment. It will protect the public from future crimes of this defendant, a person who presents a palpable danger to some of the most vulnerable members of society. Finally, it will also serve as a strong general deterrent to would-be predators who would seek to entice minors into unlawful sexual activity using the internet.

The government respectfully submits that Special Conditions 1 through 9 as proposed by the U.S. Probation Office in the PSIR are merited under the law and the circumstances of this case.[1] Special Conditions 2 through 6 are necessary given the nature of this offense, which involved the attempted sexual abuse of an 11-year-old child. To promote the defendant's rehabilitation and to protect the public from future crimes of the defendant, she must be prohibited during the length of her supervised release from having direct contact with minors, from going to places where minors are known to congregate, and from going to any place where his primary purpose is observing or contacting children. Likewise, given the nature of the defendant's crime, her rehabilitation and the safety of the public require a psychosexual evaluation and any warranted

---

[1] Based on objections received from the defense, the U.S. Probation Office is no longer recommending Special Conditions restricting the defendant's alcohol consumption and possession of adult pornography as well as a Special Condition that would have required the defendant to participate in a substance abuse treatment program. *See, e.g.*, Addendum to PSIR.

treatments resulting from that evaluation. The use of a polygraph is necessary to ensure rehabilitation and the safety of the community by encouraging truthful answers to questions posed to defendant that will be necessary to prescribe his treatment. Special Conditions 7 and 8 are necessary because the defendant used a smart phone and the internet to commit this attempted enticement of a minor. Accordingly, to protect the public from further crimes of the defendant, her personal use of a computer should be limited through participation in the ICMP program and her use of computers in connection with any employment must be subject to the reasonable limitations set forth in Special Condition 8. Such a deprivation of the defendant's liberty is not greater than reasonably necessary to protect the public from future crimes of the defendant. Finally, the imposition of Special Conditions 1 and 9 are supported by the defendant's documented history of mental health concerns and her history of marijuana abuse. Both conditions are needed to promote the defendant's rehabilitation.

\*    \*    \*

For the foregoing reasons, the defendant should be sentenced within the recommended Guidelines ranges.[2]

---

[2] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. Fed R. Crim. P. 32(i)(1)(c), (h). Further, the government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the Probation Office.

Dated: December 15, 2023                              Respectfully submitted,

                                                        CARLA B. FREEDMAN
                                                      United States Attorney

By:   */s/ Joshua R. Rosenthal*
      Joshua R. Rosenthal
      Assistant United States Attorney
      Bar Roll No. 700730

## Certificate of Service

I certify that on December 15, 2023, I electronically filed the foregoing sentencing memorandum with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Mark J. Sacco, Esq., attorney for the defendant.

By:     */s/ Joshua R. Rosenthal*
            Joshua R. Rosenthal
            Assistant United States Attorney