IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.   23-CR-124 (AMN)

SCARLET SHADOWS,

          **Defendant.**

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Now comes the Defendant, SCARLET SHADOWS, by and through counsel, Mark J. Sacco, Esq. and respectfully submits this Memorandum in Aid of Sentencing.

**Procedural History and Facts**

On April 27, 2023, Ms. Shadows entered a plea of "guilty" pursuant to a written plea agreement. Ms. Shadows admitted responsibility for her role in the Attempted Coercion and Enticement of a Minor, in violation 18 U.S.C. §2422(b). At all times Ms. Shadows has accepted responsibility and has been cooperative. The defendant now asks the Court to sentence her to the mandatory minimum sentence of ten (10) years.

**Pre Sentence Investigation Report**

The Pre-Sentence Investigation Report, calculated the advisory guideline total offense level of 35 with a criminal history category of I. The Guideline Range is 168-210 months. There is a statutory mandatory minimum sentence of 120 months. The objections to the report were noted by prior counsel.

In reviewing the case, it struck me that it is both reprehensible and sad. Ms. Shadows was the victim of childhood sexual abuse. It is clear from the Psychosexual Assessment prepared on January 23, 2023, that Ms. Shadows has significant psychological issues that can be managed with treatment and supervision. (See Exhibit "A", Confidential Psychosexual Assessment). Further, the report indicates that Ms. Shadows was not solely motivated by a sexual deviant interests.

In discussing the case facts with Ms. Shadows, it became clear that she has emotional issues that began as a child. As a child she was sexually abused. As an adolescent she was constantly bullied for displaying effeminate behavior. To compensate for this, Ms. Shadows explained that she would do almost anything to gain acceptance. This continued in many relationships in which she was abused and used by many partners. This pattern left her in a perpetual state of loneliness and pain. Ms. Shadows explains that all she wanted was to be accepted by someone.

Once I read the dialogue between the undercover agents, it became clear that the defendant did not have the primary objective of creating a sexual relationship with the fictitious minor. There is a pattern in the conversations that clearly shows the defendant's desire to form a relationship with someone. It is the investigator that repeatedly injects sexualized and suggestive comments into the conversation. The defendant has explained that she was focused on the relationship with a person that would not hurt her. As emotionally stunted as this premise is, I believe a reading of the dialogue shows that the defendant's true motivations were find a companion that wouldn't be a threat. In no way is this to suggest that a relationship with a random twelve (12) year-old girl is appropriate under any circumstances. No part of this argument is an attempt to deny the criminal nature of the conduct, rather to provide an understanding of how the defendant could have possibly ended up in this situation.

**Analytical Framework**

As the Court is undoubtedly aware, the Guidelines are no longer mandatory. The Supreme Court has explained that, as a necessary corollary to the constitutional proscription on treating the Guidelines as mandatory, sentencing courts "may not presume that the Guidelines range is reasonable." *Gall v. United States,* 128 S.Ct. at 596-97; *see Rita v. United States,* 127 S.Ct. at 2465 (noting that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply").

As the Second Circuit noted in *United States v. Jones,* 531 F.3d 163, 170 (2nd Cir 2008): "In short, while a sentencing court is statutorily obligated to give fair consideration to the Guidelines before imposing sentence, [citation omitted] in the end, it must make an "individualized assessment" of the sentence warranted by § 3553(a) based on the facts presented." It is undisputable that the Supreme Court has clearly signaled that district courts enjoy considerable discretion in identifying the grounds that can justify a non-Guidelines sentence. Indeed, even well before *Booker* and its progeny, Courts were free to consider an array of factors when imposing a sentence. *See, e.g.* 18 U.S.C. §3661, which states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

We ask the Court to consider the following factors and analysis and fashion an individualized sentence based upon the facts and circumstances of the within case.

**Personal Background**

The presentence report paints a bleak picture of the defendant's upbringing and subsequent life. As a child she was molested by a cousin and then accused of lying when she attempted to report it to her mother. As a teenager, her uncle sexually abused her and she did not report this out of fear

of being accused of lying. Her experiences in life have left her with deep emotional scars and problems with basic decision making. Her deep desire to be accepted and loved led to the unthinkable decision to attempt to begin a relationship with random twelve year-old child.

Her issues are treatable with proper counseling. Ms. Shadows stated that she now realizes how absurd her choices were and that they were disproportionately guided by her desire to be accepted and loved. The overwhelming sense of loneliness she feels has led her to make many poor decisions. It is this understanding of her problem that is so essential in preventing any further criminal activities.

After her incarceration, mandatory counseling would allow her to address her emotional problems and prevent any reoccurrence. Her lack of a criminal history and evidence that she has engaged in the charged conduct previously, suggests that this is aberrant behavior.

**Medical/Psychological Issues**

The Presentence Investigation Report accurately reflects her medical and psychological conditions.

**Criminal History**

The Presentence Investigation Report accurately reflects her criminal history.

**Sentencing Considerations**

**18 U.S.C. §3553(a)**

It is respectfully requested that the Court consider, along with the United States Sentencing Guidelines, the factors delineated in 18 U.S.C. §3553(a).

As a result of *Booker* and its progeny, no longer are courts *required* to impose a sentence "within the range" as provided for in the United States Sentencing Guidelines and as previously required by 18 U.S.C. §3553(b)(1). Courts may now take into consideration the myriad of

sentencing factor historically considered under 18 U.S.C. §3553.

In light of the rendering of the federal sentencing guidelines advisory, this individualized sense of fairness and justice is the key component to any sentencing. The discretion for the imposition of mercy, restored by *Blakely, Booker*, and *Rita,* is indeed a legitimate sentencing consideration.

The following is our firm's and the defendant's suggestions and recommendations addressing the sentencing factors the Court is now required to consider:

### A. Parsimony Provision

Initially, we would like to stress the importance of the parsimony provision of the 18 U.S.C. §3553. That provision provides that "The court **shall** impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. (Emphasis added). Thus, the defense posits that the Court is statutorily bound **not** to impose a sentence greater than what would be necessary to comply with the relevant sentencing provisions discussed below. Indeed, in *United States v. Castillo,* 460 F.3d 337, 354 (2d Cir.2006) the court reasoned that the parsimony provision of 18 U.S.C. §3553 required the court to impose a sentence "sufficient, but not greater than necessary" to comply with the objectives of sentencing as enumerated in 18 U.S.C. §3553. See also, *United States v. Ministro-Tapia* 470 F.3d 137 (2nd Cir.2006.)

The Honorable Jack Weinstein of the United States District Court for the Eastern District of New York wrote: "A key provision [of sentencing] embodies the concept of "parsimony," a principle of the American Bar Association Standards for Criminal Justice. *See* American Bar Association, Standards For Criminal Justice, Chapter 18, "Sentencing Alternatives and Procedures", 18- 3.2(iii) ("Parsimony in the use of punishment is favored. The sentence imposed should therefore be the least severe sanction necessary to achieve the purposes for which it is imposed ...") (1993). "The Court

will not interpret a federal criminal statute so as to increase the penalty ... when such an interpretation can be based on no more than a guess as to what Congress intended." *United States v. Abbadessa*, 848 F.Supp.369, 378 (E.D.N.Y.1994). *See, also United States v. Granderson,* 511 U.S. 39,114 S.Ct. 1259, 127 L.Ed.2d 611 (1994). We posit that 3553(a) adopts a principal of "leniency" whereby a sentence should be sufficient but not greater than necessary to comply with the purposes set forth in paragraph 2 of the same subsection. Those purposes are (1) just punishment or retribution and promotion of respect for the law, which the *Chaney* court called community condemnation or reaffirmation of community norms; (2) adequate deterrence from criminal conduct, presumably both special deterrence aimed at the sentenced prisoner himself and general deterrence aimed at those in the class of potential violators of the same statute; (3) protection of the public, which could be redundant of deterrence but in context probably means by isolation, which in other discussions is called incapacitation; and (4) rehabilitation." *U.S. v. Sart*, 29 F.Supp.2d 592 (D.Alaska,1998), *reversed on other grounds.*; *See also, U.S. v. Phelps*, 366 F.Supp.2d 580, (E.D.TN 2005.)

**B.     Sentencing Policy as provided in 18 U.S.C. §3553(2) (A-D)**

It is unquestioned that post-*Booker* analysis requires a court to not only consider the United States Sentencing Guidelines, but to consider sentencing policy as outlined in 18 U.S.C. § 3553. The remedial *Booker* majority held that District Courts must still consider the guideline range, 18 U.S.C. § 3553(a)(4) and (5), but must also consider the other directives set forth in § 3553(a). Section 3553(a)(2) states that such purposes are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant; and
(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Indisputably, prior to *Booker* courts were often prohibited from considering many of these factors absent an extraordinary---and often impossible demonstration--- that the facts and circumstances of their cases removed them from the "heartland" of the Guidelines. See, e.g. *Koon v. United States*, 116 S.Ct 2035 (1996). Quite often the required analysis prohibited courts from considering many of the policies and considerations behind our penal system, sentencing policy and the individual circumstances of the crime itself. To be sure, courts were often obligated to impose a sentence of imprisonment regardless of the facts and circumstance. *See, e.g.* U.S.S.G. § 5C1.1 (describing limited circumstances in which a court can impose sentence other than imprisonment.) Freed of the mandatory application of the Guidelines, courts can and indeed *should* look at many of the others factors involved in imposing a just and meaningful sentence. As discussed below, this case suggests the imposition of a sentence of ten (10) years.

### Seriousness of the Offense

A sentence of ten (10) years is reflective of the seriousness of the offense.

### Deterrence

A sentence of ten (10) years will have a deterrent effect.

### Protection of the Public

The public will be protected by a sentence of ten (10) years.

### Rehabilitation

The defendant will be provided with a significant opportunity to rehabilitate herself during a sentence of ten (10) years.

## CONCLUSION

For the reasons stated above, Ms. Shadows respectfully requests that the Court sentence her

to a period of ten (10) years.

Dated: December 19, 2023

                                        Respectfully submitted,

                                        <u>/s/ Mark J. Sacco</u>
                                            Mark J. Sacco, Esq.
                                            Attorney for Defendant
                                            75 Woodlawn Avenue
                                            Saratoga Springs, New York